# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESLEY FOARD HUTTMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72399

FILED

JAN 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## ORDER OF AFFIRMANCE

Appellant Wesley Huttman appeals his conviction for battery with intent to commit sexual assault. Third Judicial District Court, Lyon County; John Schlegelmilch, Judge. We affirm.

Huttman's only argument on appeal is that the *Allen*[1] instruction given to the jury during deliberation was prejudicial because it was substantially different from the instruction this court adopted in *Wilkins v. State*, and coerced the jury into convicting Huttman. 96 Nev. 367, 373 & n.2, 609 P.2d 309, 313 & n.2 (1980) ("[W]e hereby expressly approve the American Bar Association's version of the *Allen* charge"); *see also Ealey v. State*, Docket No. 53012 (Order of Affirmance, May 7, 2010) (*Allen* instructions may not materially deviate from the version set forth in *Wilkins*).

Because Huttman offered the *Allen* instruction that he now contests, the doctrine of invited error would bar his claim from review. *See Pearson v. Pearson*, 110 Nev. 293, 297, 871 P.2d 343, 345 (1994) (invited error occurs where a party appeals an error "which he himself induced or

---

[1] *Allen v. United States*, 164 U.S. 492 (1896).

18-02192

provoked the court or the opposite party to commit") (quoting 5 Am. Jur. 2d *Appeal and Error* § 713 (1962)). But the State did not raise the doctrine in its briefing, so we review the instruction for plain error. *See State v. King*, 131 P.3d 202, 207 n.2 (Utah 2006) (declining to apply invited error doctrine to defendant's claim of an impartial jury when State failed to raise doctrine on appeal).

The *Allen* instruction, although incorrect, did not constitute reversible error. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (explaining that an unpreserved error is reversible if it is an error, plain from the record, that has affected the defendant's substantial rights). After receiving the *Allen* instruction, the jury continued to deliberate for over three hours before reaching a verdict. From this record, it does not appear that the *Allen* instruction unduly influenced the jury or prompted a rushed decision. Accordingly, the instruction did not affect Huttman's substantial rights, and we therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. John Schlegelmilch, District Judge
Douglas A. Nutton
Attorney General/Carson City
Lyon County District Attorney
Lyon County Clerk